UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No.: 8:20-cr-380-WFJ-AAS

ORLANDO GRUESO VALENCIA
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Orlando Grueso Valencia, USM#: 21108-104, moves (Dkt. 171) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On October 15, 2021, Orlando Grueso Valencia was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) to 87 months. Orlando Grueso Valencia's total offense level was 31. He was assessed no criminal history points, and his criminal history was category I. Mr. Grueso Valencia's advisory sentencing range was 108-135 months, and he received a two-level downward departure sentence at the bottom of the adjusted level 29 range (87-108 months). The Bureau of Prisons reports that his projected release is February 2, 2026.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States

Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Orlando Grueso Valencia is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 29 and reduces his advisory sentencing range to 87-108.  The Federal Defender appears, confirms Orlando Grueso Valencia's eligibility for a reduction, and moves unopposed to reduce his sentence to 70 months (a 17-month reduction in sentence).  Counsel argues that a compatible downward departure for substantial assistance should be granted again.

The Court exercises its discretion to deny such a reduction.  The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and the Court finds the factors militate against a reduction.

First, the Defendant did receive a downward departure of two levels for cooperation (5k1.1).  Second, this was a large cocaine smuggling case where Movant and his colleagues resisted arrest, requiring the Coast Guard to shoot out the engines on their vessel.  They benefited from the obstruction because it enabled them to jettison contraband, and only 187 kilos of cocaine was recovered.  18 U.S.C. § 3553(a)(1) requires the sentence to reflect the nature and circumstances of

the offense. In these circumstances the Movant benefited from obstruction. Any further reduction would violate the statutory considerations and promote disrespect for the law. *Id*. at (a)(2)(A).

Mr. Orlando Grueso Valencia's motion (Dkt. 171) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on October 28, 2024.

*[signature]*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**